PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3873

_____

JAMES S. BIEAR,
                              Appellant
                v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF JUSTICE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 3:14-cv-01488)
District Judge: Honorable Robert D. Mariani

_____

Argued: January 17, 2018

(Opinion filed: October 1, 2018)

Michael R. Yellin [ARGUED]
Cole Schotz
25 Main Street
Court Plaza North, P.O. Box 800
Hackensack, NJ 07601
       *Counsel for Appellant*

David J. Freed
  United States Attorney
D. Brian Simpson [ARGUED]
  Assistant United States Attorney
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
        *Counsel for Appellee*


Before:  AMBRO, RESTREPO, and FUENTES, *Circuit Judges*

_____

OPINION OF THE COURT

_____

FUENTES, *Circuit Judge*.

James S. Biear, a federal prisoner, seeks information from various federal agencies under the Freedom of Information Act ("FOIA").[1]  The Criminal Division of Appellee Department of Justice (the "Criminal Division") and the Federal Bureau of Investigation are among these agencies. Biear requested "[a]ny and all documents and electronic media assembled during any investigation (or review) containing the name James S. Biear (aka J. Steven Biear and James C. Biear), DOB: [REDACTED], SSN: [REDACTED]."[2]

_____

[1] 5 U.S.C. § 552.

[2] *See, e.g.*, App. at 85.  The Magistrate Judge, in his report and recommendation, redacted Biear's date of birth and Social

The Criminal Division replied to Biear's request by requiring him to certify his identity and to submit additional information regarding the records. Biear completed the certification of his identity, but did not further detail his request. The Criminal Division then denied Biear's request. Biear appealed to the Office of Information Policy ("OIP"), which affirmed the denial. It concluded that Biear failed to provide sufficient information for the Division to identify the records sought by Biear.

The FBI initially denied Biear's request because all responsive records were contained in an active investigative file and were, therefore, exempt from disclosure.[3] After Biear filed his complaint in the District Court, the FBI reopened and resumed processing Biear's FOIA request on the ground that the criminal investigation had concluded. The FBI produced some documents to Biear in full, some with redactions, and others were withheld as duplicative or containing exempt information that could not be reasonably segregated from non-exempt information.

The District Court dismissed Biear's claim regarding his Criminal Division request for lack of subject matter jurisdiction, concluding that he failed to exhaust administrative remedies when he refused to reformulate his request and therefore "perfect" it. The District Court found that Biear's challenge was moot with regard to the FBI request because the FBI subsequently produced documents. For the following reasons, we conclude that Biear exhausted his administrative

---

Security number under Fed. R. Civ. P. 5.2(a). *See* App. at A-4. We redact that information here as well.

[3] *See* 5 U.S.C. § 552(b)(7)(A).

3

remedies with respect to his Criminal Division request and that his challenge to the FBI's response was not mooted by the FBI's subsequent production of documents. Thus, we will reverse.

## I. Facts

### A. Biear's Requests

Biear is a federal prisoner incarcerated at USP Canaan in Wayne County, Pennsylvania. Biear mailed a series of FOIA requests to eight components of the Department of Justice: the Bureau of Prisons, the Criminal Division, the FBI, the Executive Office for United States Attorneys, the United States Marshals Service, the Civil Division of the Department of Justice, the Tax Division of the Department of Justice, and INTERPOL Washington.

Biear's requests were mailed on various dates in December 2012 and January 2013 and, with the exclusion of the request to the Bureau of Prisons, sought: "Any and all documents and electronic media assembled during any investigation (or review) containing the name James S. Biear (aka J. Steven Biear and James C. Biear), DOB [REDACTED], SSN: [REDACTED]."[4]

Only Biear's requests to the Criminal Division and the FBI are at issue here. Biear has not claimed before us that the District Court erred with respect to the other requests.

---

[4] *See, e.g.*, App. at 85.

4

## B. The Criminal Division Request

Biear submitted two separate but identical requests to the Criminal Division. In January 2013, the Criminal Division sent separate responses to Biear regarding each request. In both responses, the Criminal Division sent a letter advising Biear that verification of his identity and additional information regarding the records sought were required to process his request. The letter advised Biear that his request would be administratively closed if the required information was not provided within thirty days.

Biear submitted a completed Certification of Identity form, but submitted no additional information describing the records he sought. In March 2013, the Criminal Division notified Biear by letter that although it received his Certification of Identity form, his request was being administratively closed because Biear failed to provide a specific description of the subject of his request. Specifically, Biear failed to identify the Criminal Division section he believed would have or maintain responsive records, precluding a search for such records. In its letter, the Criminal Division provided: "If you construe this response to be a denial of your request, you may administratively appeal . . . ."[5]

In April 2013, Biear appealed the disposition of both Criminal Division requests to OIP, which handles administrative appeals from the Department of Justice's determinations under FOIA.[6] OIP affirmed the disposition of Biear's request in September 2013 on the ground that the

---

[5] App. at A-90.

[6] *See* 28 C.F.R. § 16.8(a).

5

Criminal Division properly informed Biear that it required further specification to process his response. It specifically cited Biear's failure to indicate the section of Criminal Division he believed would maintain responsive records.

### C. The FBI Request

Biear submitted a request to the FBI in December 2012. In January 2013, the FBI advised Biear it would require him to verify his identity and provide additional information regarding the records sought to process his request. Biear complied in March 2013. The FBI acknowledged receipt in April 2013 and advised Biear that it had begun searching for responsive records.

Thereafter, Biear sent a letter to OIP to preemptively appeal the anticipated denial of the FBI request. This letter was identical to the letters sent appealing his Criminal Division requests. OIP acknowledged the letter in April 2013.

In May 2013, the FBI informed Biear by letter that all responsive records were contained in an active investigative file and exempt from disclosure under FOIA.[7] A month later, OIP informed Biear via letter that, because the FBI had reopened and resumed processing his request, his appeal had been closed as moot. The reopening and processing referenced in the OIP letter led to the determination that all responsive records were contained in an active investigative file.

In July 2013, Biear requested that OIP reopen his appeal of the denial of the FBI request because the FBI had "remained

---

[7] *See* 5 U.S.C. § 552(b)(7)(A).

6

silent."[8] OIP advised Biear in September 2013 that it construed his letter as a new administrative appeal. OIP further advised Biear that this appeal had been closed because the FBI had responded to Biear's request in May.

Biear then requested the production of a *Vaughn* index, an itemized index specifying the basis for withholding on a document-by-document basis.[9] Based on the record, OIP never responded to this letter.

Thereafter, the FBI reopened and resumed processing Biear's request in October 2014, after the commencement of this action in the District Court, on the ground that the criminal investigative file was no longer active and the applicable exemption no longer applied. On November 25, 2014, and December 22, 2014, the FBI produced a total of 1,188 pages of responsive records; 162 pages were released in full, 670 pages were released with redactions, 197 pages were withheld as duplicative of other pages in the production, and 159 pages

---

[8] App. at A-107. Biear asserts on appeal that he did not receive the May letter advising him of the FBI's claimed exemption from production. Appellants' Br. at 8. Although this contention does not impact our analysis, it contextualizes Biear's July 23, 2013, statement regarding the FBI's purported silence.

[9] *See generally Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973). A *Vaughn* index generally is not required for withholding under the active investigation exemption. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 218–23 (1978) ("[A] particularized, case-by-case showing is neither required nor practical" under the active investigation exemption.).

were withheld in full because non-exempt information contained therein could not reasonably be segregated from exempt information.

## 1. The FBI's Production

The FBI's production, Bates-labeled in sequence as "Biear-1" through "Biear-1188," indicated which pages were withheld or redacted. It also explained why pages were withheld and redactions were made: the FBI broke down each applicable FOIA exemption into subcategories, which were assigned codes that were then affixed to the withheld or redacted pages to explain which exemption applied to which withholding or redaction.

Where pages were withheld entirely, they were replaced with a "Deleted Page Information Sheet," which identified the reason for withholding by noting the applicable FOIA exemption relied upon. Where pages contained redactions, the reason for withholding and the applicable FOIA exemption relied upon were noted on the face of the released pages.

Biear has not specifically appealed the FBI's withholding of portions of the records responsive to his request.

## D. The District Court Proceedings

Biear filed his complaint *pro se* in the District Court for the Middle District of Pennsylvania on July 31, 2014. The government filed two motions to dismiss or in the alternative

for summary judgment,[10] and Biear cross-moved for summary judgment. The motions were referred to a Magistrate Judge, who issued a comprehensive report and recommendation. The report recommended granting the government's motion dismissing the complaint and denying Biear's cross-motion.

It also recommended that Biear's claim against OIP's disposition of his Criminal Division request be dismissed because Biear failed to exhaust his administrative remedies when he declined to provide additional information to identify the records he sought. The report recommended that, because the FBI resumed processing Biear's request and produced documents after the commencement of Biear's action, his claim regarding the FBI request be dismissed as moot. Biear, still proceeding *pro se*, made handwritten objections, to which the government responded.

The District Court issued an order adopting the report and recommendation and overruling Biear's objections. It dismissed Biear's claim regarding his Criminal Division request for failure to exhaust administrative remedies and his claim regarding his FBI request as moot. It is not clear whether the dismissal of Biear's claim regarding his Criminal Division request adjudicated the government's motion to dismiss or its motion for summary judgment. This appeal followed. *Pro bono* counsel was appointed to represent Biear.

---

[10] One motion was filed on behalf of the FBI and another on behalf of the seven other entities under the Department of Justice: at the time the initial motion was filed, the FBI was reprocessing Biear's request, leading to a different factual posture. The motion on behalf of the non-FBI agencies was filed on October 27, 2014.

## II. Discussion[11]

### A. The Criminal Division Request

Biear argues that the District Court erred in dismissing his claim regarding his Criminal Division request because he in fact did exhaust administrative remedies when he appealed the closure of his request to OIP. The government contends that, because Biear did not provide further information to specify the records sought by his request such as the sections of the Criminal Division that he believed would have responsive records, Biear failed to perfect his request and therefore never made a proper request under FOIA. This, the government argues, precludes exhaustion. Biear's request was sufficiently specific, however, and Biear did not need to further narrow it to "perfect" it. We therefore conclude that Biear did exhaust his administrative remedies.

---

[11] The District Court's order dismissing all of Biear's claims is a final decision, reviewable by the Court of Appeals under 28 U.S.C. § 1291.

We exercise plenary review over a district court's determination that a plaintiff exhausted or failed to exhaust his administrative remedies. *See Ellison v. Rogers*, 484 F.3d 658, 660 (3d Cir. 2007) ("We have plenary review over the District Court's exhaustion determination."); *Holoway v. Horn*, 355 F.3d 707, 713 (3d Cir. 2004) ("We conduct a plenary review of the District Court's legal conclusions and review its factual conclusions for clear error."). We review decisions of mootness under a plenary standard of review. *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987) ("Questions of mootness are considered under a plenary standard of review.").

FOIA permits petitioners to request documents from government agencies. Agencies, including the Department of Justice, make and publish regulations governing requests under FOIA.[12] Requests under FOIA are proper if they "reasonably" describe the records sought and are made "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."[13]

Generally, the law requires exhaustion of administrative remedies before a plaintiff may seek relief in district court.[14] In the context of FOIA, courts in the D.C. Circuit, which frequently adjudicate issues arising under FOIA, have held that the "failure to comply with an agency's FOIA regulations is

---

[12] *See* 5 U.S.C. § 552(a)(1) (requiring agencies to make and publish regulations for requests under FOIA); 28 C.F.R. § 16.3 (Department of Justice regulations governing FOIA requests).

[13] 5 U.S.C. § 552(a)(3)(a); *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 754–55 (1989) (describing requirement of request under FOIA).

[14] *See McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law . . . . The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (internal citations omitted); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (applying exhaustion requirement to FOIA); *see also McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993) (applying *Oglesby* in Third Circuit).

the equivalent of a failure to exhaust," which subjects a case to dismissal.[15]

Biear's claim regarding his Criminal Division request turns on whether he complied with the Department of Justice's FOIA regulations. With respect to the identification of records sought, the Department of Justice's FOIA regulations state:

> Requesters must describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort. To the extent possible, requesters should include specific information that may assist a component in identifying the requested records, such as the date, title or name, author, recipient, subject matter of the record, case number, file designation, or reference number.[16]

The government contends that Biear's request was insufficiently detailed, in part because it failed to suggest specific sections in which responsive records might be maintained. The text of the regulation does not require that a request contain that information. It states only that a request should contain that information "[t]o the extent possible." In

---

[15] *Elec. Privacy Info. Ctr. v. Internal Revenue Serv.*, 261 F. Supp. 3d 1, 7 (D.D.C. 2017).

[16] 28 C.F.R. § 16.3(b).

contrast, the preceding sentence states that the requester "must describe the records in sufficient detail." Biear requested the records that specifically reference him: he provided his name, date of birth, and Social Security number to facilitate locating responsive records.

### 1. "Containing" Versus "Relating"

Biear's request is sufficiently specific to meet the requirements of the Department of Justice's regulations and FOIA because he requested records "containing" his name, not "relating to" him.

Two cases illustrate the issue: *Dale v. Internal Revenue Service*[17] and *Shapiro v. Central Intelligence Agency*.[18] Both cases agree that "the linchpin inquiry is whether the agency is able to determine precisely what records are being requested."[19] The government contends that the relevant distinction between the two cases is that the plaintiff in *Shapiro* requested files from specific databases, whereas in *Dale* the plaintiff did not. This is not the relevant distinction between the two cases.

In *Dale*, where the plaintiff requested any and all documents "that refer or relate in any way" to him, the district court concluded that the request was not sufficiently precise.[20] In *Shapiro*, where the plaintiff requested "all documents

---

[17] 238 F. Supp. 2d 99 (D.D.C. 2002).
[18] 170 F. Supp. 3d 147 (D.D.C. 2016).
[19] *Dale*, 238 F. Supp. 2d at 104 (internal quotation marks omitted); *see also Shapiro*, 170 F. Supp. 3d at 154.
[20] *Id.* at 104–05.

13

mentioning Nelson Mandela," the district court determined that the request was sufficiently precise.[21] *Shapiro* explained the pertinent distinction:

> Regardless of how onerous it might be to locate them, there can be no dispute about which items are being requested—records in the CIA's possession that "mention[ ]" Nelson Mandela or his three listed aliases . . . . Here, the subject of Shapiro's request is the *entirety* of each document that mentions Mandela, even if such references are fleeting and tangential. So compliance should involve virtually no guesswork: A record is responsive if and only if it contains Mandela's name (or those of his three listed aliases) or any descriptor obviously referring to him.[22]

The district court in *Shapiro* contrasted this request with requests that seek records "pertaining" and "relating" to subjects, finding that "in most of those cases, the reviewing agency's task was anything but ministerial" due to the subjectivity of what it means for a document to relate to a subject.[23] It did not concern itself with the specification of

---

[21] *Shapiro*, 170 F. Supp. 3d at 154.

[22] *Id.* (emphasis and modification in original).

[23] *Id.*

14

databases. We note that an individual making a FOIA request would almost definitionally be someone outside of the agency containing the records. It would be counterintuitive in the extreme to require such an individual to have sufficient knowledge of an agency's organizational units to be able to identify the specific units of an agency that might contain the records sought.

In fact, the *Shapiro* court rejected a very similar argument to the government's position. In *Shapiro*, as here, the government argued that the FOIA request would not allow agency personnel "to locate the record with a reasonable amount of effort."[24] Biear, who requested records containing his name and identifying information and not pertaining to him, falls under the reasoning of *Shapiro*, not *Dale*. Because Biear's request was sufficiently specific, he exhausted his administrative remedies and the District Court erred by finding he did not. We will reverse the District Court's judgment with respect to Biear's Criminal Division request.

### B. The FBI Request

The District Court, adopting the report and recommendation, dismissed Biear's claim regarding his FBI request as moot because, after the commencement of Biear's action, the FBI produced documents to him. Biear, who contends that the FBI failed to provide sufficient rationale for its decision to redact and withhold certain pages of the

---

[24] *Id.* at 155 (citation omitted); *cf.* Appellee Supp. Br. at 16–17 (citing identical "reasonable amount of effort" language in 28 C.F.R. § 16.3(b)).

15

production, argues that his claim is not moot where there exist unresolved issues such as the one he raises.

Biear is correct. The District Court should have continued to exercise jurisdiction over Biear's claim regarding the sufficiency of the FBI's response to his request. In *Baker v. U.S. Department of Homeland Security*,[25] a case relied on by the government and Biear alike, the district court found that "'where an agency has released documents, but other related issue[s] remain unresolved, courts frequently will not dismiss the action as moot.'"[26] The District Court for the District of Columbia, citing the Court of Appeals for the D.C. Circuit, has concluded that a court retains jurisdiction of a case arising under FOIA "if it is not convinced that the agency has released all nonexempt material."[27]

Moreover, "[i]n determining the adequacy of a FOIA disclosure, the burden of sustaining an agency's determination rests with the agency."[28] Here, the Magistrate Judge concluded

---

[25] No. 11 Civ. 588, 2012 WL 245963 (M.D. Pa. Jan. 25, 2012).
[26] *Id.* at *4 (quoting *McKinley v. FDIC*, 756 F. Supp. 2d 105, 110 (D.D.C. 2010)).
[27] *Northwestern Univ. v. U.S. Dep't of Agriculture*, 403 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).
[28] *Baker*, 2012 WL 245963, at *4; *see* 5 U.S.C. § 552(a)(1)(B) ("[T]he court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.").

that, even if Biear had amended his complaint to challenge the adequacy of the FBI's production, the production of documents obliged Biear to appeal the adequacy of the FBI's disclosure administratively before pursuing a judicial remedy. The report and recommendation relies on *McDonnell v. United States*,[29] which held that production revived the administrative exhaustion requirement where the agency's production *predates* the lawsuit.[30]

Biear filed suit before the FBI made its production, distinguishing this case from *McDonnell*. The adequacy of the FBI's production only became an issue ripe for consideration when the action had already commenced in the District Court. In fact, the government had already moved to dismiss the claims regarding Biear's requests to the other agencies when the FBI began producing documents. By adopting the Magistrate Judge's rationale, which misapplied *McDonnell* to a case where the lawsuit predated production, the District Court erred. To apply *McDonnell* to this case would create a rule under which a plaintiff may commence an action in which the courts have subject-matter jurisdiction because he has, at the time of commencement, exhausted his administrative remedies, only for the actions of the defendant to effectively "unexhaust" the plaintiff's remedies by subsequent action and deprive the courts of subject-matter jurisdiction in the middle of a proceeding.

Because Biear's lawsuit was underway when the adequacy of the FBI's disclosure became ripe for disposition, the District Court should have continued to exercise

---

[29] 4 F.3d 1227 (3d Cir. 1993).

[30] *Id.* at 1240

jurisdiction over the issue and declined to dismiss it as moot. We will reverse the District Court's judgment with respect to the FBI request and remand for further proceedings.

## III. Conclusion

For the foregoing reasons, we will reverse the District Court's judgment with respect to the Criminal Division and FBI requests, affirm the judgment with respect to the other requests, and remand for further proceedings.