BLD-021                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2366
_____

UNITED STATES OF AMERICA

v.

MARK WRIGHT,
                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-93-cr-00386-005)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2019

Before:  AMBRO, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 6, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Mark Wright appeals the District Court's order dismissing as

moot his motion to reduce his sentence under 18 U.S.C. § 3582(c).  For the reasons

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

discussed below, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 1994, Wright was convicted of one count of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to life imprisonment and a five-year term of supervised release.  Based on subsequent amendments to the United States Sentencing Guidelines, the District Court reduced Wright's sentence first to 360 months' imprisonment and then to 292 months' imprisonment.  See ECF Nos. 278, 464.  Based on these reductions, Wright was scheduled to be released from prison on April 25, 2019.  See ECF No. 524 at 1.

In February 2019, Wright filed a motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  See ECF No. 522.  The First Step Act authorizes district courts to reduce sentences under the Fair Sentencing Act of 2010, see Pub. L. No. 111-220, 124 Stat. 2372 (2010), which, as relevant here, increased the drug quantities necessary to trigger statutory mandatory minimum and maximum penalties for crack-cocaine offenses.  Wright argued that he was entitled to a reduced sentence under this new statutory framework.

On May 10, 2019, the District Court dismissed Wright's motion "as moot on the ground that defendant has already been released from custody."  ECF No. 528.  Wright appealed.

2

We have jurisdiction under 28 U.S.C. § 1291[1] and exercise a plenary standard of review. See Biear v. Att'y Gen., 905 F.3d 151, 155 n.11 (3d Cir. 2018); United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013).

We agree with the District Court's ruling. "Article III extends the Judicial Power of the United States only to 'cases' and 'controversies.'" Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010). This "case or controversy requirement continues through all stages of federal judicial proceedings," Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009); "once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction," Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

In his § 3582 motion, Wright sought to reduce his term of imprisonment. However, before the District Court ruled on that motion, he was released from prison and began to serve his term of supervised release.[2] While "[i]ncarceration satisfies the case or controversy requirement," once the defendant has completed the sentence, "some continuing injury, also referred to as a collateral consequence, must exist for the action to

---

[1] While Wright did not file his notice of appeal within 14 days of the District Court's order as required by Fed. R. App. P. 4(b), Rule 4(b) is not jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328 (3d Cir. 2010). We decline to dismiss the appeal sua sponte (assuming that we have the authority to do so) because the delay was short and the Government has not objected. See id. at 329 n.6.

[2] Wright's release is confirmed by the Federal Bureau of Prisons' Inmate Locator, https://www.bop.gov/inmateloc/. See generally United States v. Lucas, 841 F.3d 796, 802 (9th Cir. 2016) (taking judicial notice of information from inmate locator).

continue." Burkey, 556 F.3d at 147. "[W]hen a defendant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." Id. at 148. Wright has not identified any collateral consequences caused by his expired sentence. And, although he is now serving his term of supervised release, he did not file his motion to challenge that term, and we have determined that the possibility that a district court will reduce a term of supervised release as a remedy for an excessive (but completed) sentence is too speculative to preserve jurisdiction. See id. at 149. Thus, we perceive no error in the District Court's order. We note, however, that our ruling is without prejudice to Wright's filing a motion in the District Court under 18 U.S.C. § 3583(e) to modify his term of supervised release.

Accordingly, we will summarily affirm the District Court's judgment.

4