**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2335
_____

WILLIAM J. O'BRIEN, III,
                                        Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-00092)
District Judge: Honorable Wendy Beetlestone

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 3, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed:    April 4, 2023)

_____

_____

OPINION[*]
_____

PER CURIAM

Federal prisoner William J. O'Brien, III, appeals pro se from the District Court's decision granting summary judgment against him in this civil action that he brought against the United States Department of Justice ("the DOJ") pursuant to the Freedom of Information Act ("FOIA"). For the reasons that follow, we will affirm that judgment.

I.

O'Brien is a former physician. "For nearly three years, [he] prescribed large quantities of medically unnecessary oxycodone, methadone, and alprazolam to individuals in exchange for cash and sexual favors." United States v. O'Brien, 738 F. App'x 38, 39 (3d Cir. 2018). One of O'Brien's "patients" was found dead with high levels of oxycodone and methadone in his blood. Id. Eventually, O'Brien was charged in the District Court with scores of drug-related counts, as well as other offenses. At trial, which was held in 2016, the Government presented "[a] parade of witnesses," id. at 40, including Angela Rongione, who was a cooperating co-defendant and O'Brien's former office manager. The jury found O'Brien guilty of more than 100 counts, and the District Court sentenced him to 30 years in prison. His efforts to attack that judgment on direct appeal and collateral review were unsuccessful.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2019, O'Brien submitted FOIA requests to the FBI, seeking documents concerning his case that referenced Rongione before January 20, 2015. Later, while those requests were still pending, he filed a pro se complaint in the District Court against the DOJ, alleging that the agency's failure to disclose the requested documents violated FOIA. The FBI subsequently completed its search and review of the requested documents, releasing 47 pages in full and 113 pages with redactions, and withholding 206 pages (nine of which were duplicative of released pages). The parties then filed cross-motions for summary judgment in the FOIA case.

FOIA sets forth nine categories of records that are exempt from its disclosure requirements, see 5 U.S.C. § 552(b), and the agency bears the burden of establishing that an exemption applies, see U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991). In this case, the DOJ's motion for summary judgment and supporting materials highlighted three exemption categories — the third, sixth, and seventh — and explained that each of the redacted or withheld documents was covered by one or more of those exemptions.[1] The DOJ's supporting materials included the following: (1) two Vaughn indices that were, collectively, over 30 pages in length,[2] and (2) three declarations, totaling nearly 80 pages, that

---

[1] The third exemption covers matters "specifically exempted from disclosure by statute," 5 U.S.C. § 552(b)(3), while the sixth exemption covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6). The seventh exemption, which covers certain "records or information compiled for law enforcement purposes," consists of six subcategories. See 5 U.S.C. § 552(b)(7). The DOJ invoked four of those subcategories.

[2] A Vaughn index is "an itemized index specifying the basis for withholding on a document-by-document basis." Biear v. Att'y Gen., 905 F.3d 151, 154 (3d Cir. 2018); see Vaughn v. Rosen, 484 F.2d 820, 827-28 (D.C. Cir. 1973).

were made under penalty of perjury by the Section Chief of the FBI's Record/Information Dissemination Section. On July 8, 2022, the District Court granted the DOJ's motion and denied O'Brien's cross-motion, concluding that the agency had carried its burden of justifying the withholding or redaction of the documents in question. This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "Due to the unique configuration of summary judgment in a FOIA case, in which the opposing party (generally the requester) does not ordinarily have the factual information upon which the moving party (generally the agency) has relied," we have "held that the familiar standard of appellate review promulgated by Federal Rule of Civil Procedure 56(c) does not apply." ACLU of N.J. v. FBI, 733 F.3d 526, 530 (3d Cir. 2013) (internal quotation marks omitted). Instead, we employ a two-step test. See id. First, we "determine whether the district court had an adequate factual basis for its determination." Id. (internal quotation marks omitted). "[I]f we find such a basis, [we] must then decide whether that determination was clearly erroneous." Id. (internal quotation marks omitted).

O'Brien's opening brief is not a model of clarity. Although we have liberally construed this brief, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011) (noting a court's well-established obligation to liberally construe pro se filings), we agree with the DOJ that the brief does not argue that the District Court lacked an adequate factual basis for its

4

determination. As a result, we deem that argument forfeited. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).[3]

Turning to the second step of our review, the District Court's 19-page opinion accompanying its summary-judgment order examined the exemptions invoked by the DOJ and cogently explained why the agency had met its burden of demonstrating that each of those exemptions applies here. O'Brien has failed to establish that the District Court clearly erred in its determination. Although O'Brien appears to claim that the Supreme Court's decision in United States Department of Justice v. Landano, 508 U.S. 165 (1993), stands for the proposition that an agency may not withhold any information about a confidential source if that source testifies at trial, O'Brien is mistaken. See id. at 173-74 ("We need not reach the question whether a confidential source's public testimony 'waives' the FBI's right to withhold information provided by that source."); see also Peltier v. FBI, 563 F.3d 754, 762 (8th Cir. 2009) (collecting cases for the proposition "that public testimony does not 'waive' the applicability of Exemption 7(D) to information provided to the FBI

---

[3] Attached to O'Brien's opening brief are various documents, including pages from the District Court's opinion. He has annotated those pages with handwritten comments. One of those comments says, "the judge 'could of' or 'should have' looked at unredacted documents 'in camera.'" (3d Cir. docket # 15, at 9.) This bald, passing remark is not enough to preserve a challenge to the adequacy of the factual basis for the District Court's determination. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court" (internal quotation marks omitted)). But even if it were enough, it would not lead us to conclude that the factual basis for the District Court's determination was inadequate or that the District Court erred by not reviewing the unredacted version of the documents in camera. See Hinton v. Dep't of Just., 844 F.2d 126, 128 (3d Cir. 1988) (indicating that in camera review in a FOIA case is discretionary); see also Ferri v. Bell, 645 F.2d 1213, 1225 (3d Cir. 1981) (noting that a court should not resort to in camera review routinely).

by a confidential source"); <u>Lame v. U.S. Dep't of Just.</u>, 654 F.2d 917, 925 (3d Cir. 1981) ("[O]nce there has been an expressed or implied assurance of confidentiality, a subsequent release or publication by the government of a portion of the information does not negate the exemption for any of the information originally given.").

We have carefully considered O'Brien's other preserved arguments and conclude that none of them entitles him to relief here.[4] Accordingly, we will affirm the District Court's judgment. O'Brien's requests for oral argument and sanctions against the DOJ are denied. To the extent that he asks us to "declare a mistrial" in his criminal case or otherwise grant him relief in that case, those requests are not properly before us and are hereby denied. Finally, to the extent that he seeks any other relief from us, that relief is denied as well.

---

[4] To the extent that O'Brien raises one or more arguments for the first time in his reply brief, we deem any such argument forfeited. <u>See</u> <u>Haberle v. Borough of Nazareth</u>, 936 F.3d 138, 141 n.3 (3d Cir. 2019).