**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2557
_____

JAMES S. BIEAR,
                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:14-cv-01488)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: February 28, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

James S. Biear appeals pro se from an order of the United States District Court for

the Middle District of Pennsylvania, granting the Federal Bureau of Investigation's (FBI)

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion to dismiss, or in the alternative for summary judgment, in this action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. For the following reasons, we will affirm.

Seeking records pertaining to himself, Biear submitted FOIA requests to numerous components of the Department of Justice, including, as relevant here, the FBI. Unsatisfied with the FBI's response to his request, Biear filed a complaint in the United States District Court for the Middle District of Pennsylvania.[1] The District Court ultimately concluded, after appointing counsel to represent Biear and *in camera* review of the responsive documents, that, for the most part, FOIA Exemptions 3, 6, 7(C), 7(D), and 7(E) were properly applied. Biear v. United States Dep't of Just., 2023 WL 4868443, at *5-8 (M.D. Pa. July 31, 2023) (citing 5 U.S.C. §§ 552(b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E)). The District Court held, however, that "Exemption 7(C) was applied too broadly to two FBI Electronic Communications" that "listed questions to be posed to … witnesses" and "was not properly asserted on behalf of individuals who are deceased."

---

[1] Initially, the FBI denied Biear's FOIA request in its entirety on the ground that all responsive records were exempt from discourse because they pertained to an active investigation. See 5 U.S.C. § 552(b)(7)(A). After Biear filed his complaint, however, the FBI reopened his request because the investigation was no longer active. Thereafter, the FBI released 162 pages in full, released 670 pages with redactions of exempt information, withheld 197 pages as duplicative, and withheld in full 159 pages containing non-segregable, exempt information. In light of those disclosures, the District Court dismissed Biear's claims against the FBI as moot. Biear appealed and we reversed, holding that the "District Court should have continued to exercise jurisdiction over Biear's claim regarding the sufficiency of the FBI's response to his request." Biear v. Att'y Gen., 905 F.3d 151, 158 (3d Cir. 2018).

Id. at *8.  Accordingly, the District Court ordered that the FBI produce to Biear specifically identified documents.  Id. at *8-11.  Biear appealed.[2]  (ECF 173.)

The FBI argues that Biear's two-page opening brief fails to develop any arguments in support of his challenge to the District Court's conclusion that the agency properly applied FOIA exemptions to withhold responsive information.  Appellees' Br., 10 (Doc. 14.)  Pursuant to Rule 28 of the Federal Rules of Appellate Procedure and Third Circuit Local Appellate Rule 28.1(a), "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief."  Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).  To be preserved, all arguments must be supported by "the reasons for them, with citation to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A).  Arguments not raised in an opening brief on appeal are forfeited.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).  Although we construe pro se filings liberally, that policy has not prevented us from applying the forfeiture doctrine to pro se appeals.  See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam).  Biear contends that the District Court did "not completely address the propriety of the FBI's withholding of certain documents based on FOIA exemptions."  Appellant's Br., 1.  This vague contention is insufficient to preserve a challenge to the FBI's application of FOIA exemptions to the responsive documents.  In any event, we note

---

[2] We have jurisdiction under 28 U.S.C. § 1291.

3

that the District Court thoroughly described the applicability of various FOIA exemptions to each of the responsive documents. Biear, 2023 WL 4868443, at * 5-11.

Biear also asserts that the District Court "fail[ed] to address the 'legality' of how the FBI obtained the documents … which were reviewed by the [D]istrict [C]ourt 'in camera[.]'" Appellant's Br., 1. But Biear did not seek such information in his FOIA request and neglected to raise this issue in the District Court. We will not consider it for the first time on appeal. See Brown v. Phillip Morris Inc., 250 F.3d 789, 799 (3d Cir. 2001). Even if the issue were properly preserved, relief would not be available because agencies are not required to answer questions in responding to FOIA requests. See DiViaio v. Kelley, 571 F.2d 538, 542-43 (10th Cir. 1978) (holding that "it is clear that nothing in the Act requires 'answers to interrogatories' but rather and only disclosure of documentary matters which are not exempt").

Finally, Biear contends that the District Court "did not elect to follow up on the government lawyers['] supplemental production, which remains outstanding …." Appellant's Br., 1. His complaint is misplaced. If, as Biear suggests, the FBI has not provided the documents that the District Court ordered to be disclosed, his remedy is to ask the District Court to enforce its order. See Butt v. United Bhd. of Carpenters & Joiners of Am., 999 F.3d 882, 886-87 (3d Cir. 2021) (discussing ancillary enforcement jurisdiction).

For the foregoing reasons, we will affirm the District Court's judgment.[3]

---

[3] To the extent that Biear seeks appointment of counsel, his request is denied. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).

4